IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JERRY DEMOND YOUNG, § | | |
| Movant, § | | |
| § | | |
| v. § | | No. 3:19-cv-2091-N (BT) |
| § | | No. 3:15-cr-0413-N (BT) |
| USA, § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Movant Jerry Demond Young, a federal prisoner, filed a *pro se* motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255. The District Court referred the resulting civil action to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the Court should dismiss Young's § 2255 motion.

I.

Young pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On February 6, 2017, the District Court sentenced him to 60 months' imprisonment. He did not file an appeal. However, on July 16, 2019, and August 13, 2019, Young filed motions for appointment of counsel to challenge his sentence under the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019) (holding that under 18 U.S.C. § 922(g) "the Government . . . must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it"). On September

3, 2019, the Court construed Young's motions for appointment of counsel as a challenge to his sentence under § 2255. On September 12, 2019, Young filed an amended § 2255 motion again arguing his conviction is unlawful under *Rehaif*. On November 22, 2019, the Government filed its response arguing the motion should be dismissed because Young's claim is procedurally barred. Young did not file a reply.

II.

1. **Procedural Bar**

Young argues his conviction is unlawful under *Rehaif* because there was no evidence that—at the time of his unlawful possession of a firearm—he knew he had been convicted of an offense punishable by more than one year in prison. The Government argues this claim is procedurally barred because Young failed to raise the claim on direct appeal.

When a movant fails to raise a claim on direct appeal, the claim is procedurally defaulted and can only be considered under § 2255 if the movant can show cause for his failure to raise the claim on direct appeal and actual prejudice, or that he is actually innocent. *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996).

Young has failed to overcome the procedural bar. He has stated no reason for his failure to argue on direct appeal that he did not know he was a convicted felon at the time of the offense. He has also failed to show his is actually innocent.

A claim of actual innocence must be based on new, reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Actual innocence means "factual innocence" and not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623-24 (1998) (citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)). Where a movant asserts his actual innocence, he must show, as a factual matter, that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence presented in his habeas petition. *Schlup*, 513 U.S. at 327.

Young has submitted no new evidence that he is actually innocent. Further, in his Factual Resume, Young admitted that prior to the charge in this case, he was convicted of a crime punishable by imprisonment for more than one year, and that he knowingly and unlawfully possessed the firearm in this case. (ECF No. 18 at 3.) Young has therefore failed to overcome the procedural bar.

2. **Statute of Limitations**

Young's claim is also barred by the statute of limitations. The Antiterrorism and Effective Death Penalty Act of 1996 establishes a one-year statute of limitations for federal habeas proceedings. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub. L. 104-132, 110 Stat. 1214 (1996) (AEDPA). The statute provides that the limitations period shall run from the latest of:

    (1)    the date on which the judgment of conviction becomes final;

    (2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws

>   of the United States is removed, if the [movant] was prevented from filing by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2255(f).

In most cases, the limitations period begins to run when the judgment becomes final. *See* 28 U.S.C. § 2255(f)(1). Here, the district court entered final judgment on February 10, 2017, and Young did not file an appeal. Therefore, his conviction became final 14 days later, on February 24, 2017. *See* Fed. R. App. P. 4(b)(A) (stating a notice of appeal must be filed within 14 days of entry of judgment). Young then had one year, or until February 26, 2018, to file his habeas petition.[1] But Young did not file his petition until July 16, 2019. His petition is therefore untimely under § 2255(f)(1).

Young relies on the Supreme Court's decision in *Rehaif*, to argue his petition is timely under § 2255(f)(3). Section 2255(f)(3) states the limitations period runs from the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

---

[1] Young's deadline fell on Saturday, February 24, 2018. Under Fed. R. Civ. P. 6(a), his deadline for filing the motion became Monday, February 26, 2018.

The *Rehaif* decision, however, did not announce a newly recognized right that was made retroactively applicable on collateral review. *See In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019) (stating *Rehaif* did not announce a new rule of constitutional law but clarified existing law, and that *Rehaif* did not apply retroactively to cases on collateral review). *Rehaif* therefore does not apply to Young's conviction.

### 3. Equitable Tolling

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that "'[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). A movant bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Young has not alleged that he is entitled to equitable tolling. He also has failed to plead any facts showing that he was misled by the government or

prevented in some extraordinary way from asserting his rights. He is therefore not entitled to equitable tolling.

### III.

Young's § 2255 motion to vacate, set-aside, or correct his sentence should be dismissed.

Signed February 18, 2020.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).